Filed 2/27/13  In re A.A. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re A.A. et al., Persons Coming Under the Juvenile Court Law. | B240896 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Respondent,<br><br>   v.<br><br>J.A.,<br><br>        Appellant. | (Los Angeles County Super. Ct. No. CK90652) |

APPEAL from orders of the Superior Court of Los Angeles County. Stephen Marpet, Commissioner.  Reversed with directions.

Catherine C. Czar, under appointment by the Court of Appeal, for Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Timothy M. O'Crowley, Deputy County Counsel, for Respondent.

_____

J.A. (father) appeals from orders declaring his sons Alexis and Jason dependents of the court and removing them from father's custody.  We hold that the court applied an incorrect standard in finding that father's sons are at "substantial risk" of being molested by father.  (Welf. & Inst. Code, § 300, subds. (d) & (j).)[1]  Accordingly, the jurisdictional and dispositional orders are reversed and the matter remanded for retrial if the Los Angeles County Department of Children and Family Services (DCFS) wishes to proceed with the matter.

## FACTS AND PROCEEDINGS BELOW

When the petition was filed in this case the family consisted of father, his wife (mother), his seven-year-old son Alexis, and his three-year-old son Jason.  In addition, mother babysat An. R., an unrelated nine-year-old girl.  The relationship between the family and An. R. had existed for years, and she considered Alexis and Jason to be like brothers to her.  On several occasions father also exercised caretaker duties as An. R.'s babysitter, and he treated her like his own daughter.

The trial court found jurisdiction over the boys under section 300, subdivisions (b) and (d) based on evidence that on October 27, 2011 and prior occasions going back two and a half years father sexually abused An. R. by rubbing his erect penis against her buttocks, simulating intercourse, grabbing her buttocks, rubbing his penis against her vagina, and holding her in his lap against his penis.  The incidents took place in the family home, some occurring when the boys were present (although they were apparently unaware of the abuse).[2]

---

[1] All statutory references are to the Welfare and Institutions Code.

[2] Father was arrested, but the Los Angeles County District Attorney declined to prosecute, citing a lack of evidence.

2

The court found jurisdiction over Alexis and Jason under section 300, subdivisions (b) and (d), based solely on its view that "the length and terms of the conduct[]" by father "clearly puts his own children at risk."[3]

## DISCUSSION

The justification the court gave for removing Alexis and Jason from their father's custody and making them dependents of the court was that father's molestation of An. R. constituted sufficient evidence to conclude the boys were at substantial risk of being sexually abused. We disagree.

There is a split in authority on whether a father's sexual molestation of his minor daughter or stepdaughter suffices by itself to support a finding that the victim's male siblings are also at substantial risk of sexual abuse. Four appellate cases have held that sexual abuse of a female child alone is sufficient to put a male child at risk: *In re Karen R.* (2001) 95 Cal.App.4th 84, 91; *In re P.A.* (2006) 144 Cal.App.4th 1339, 1347; *In re Andy G.* (2010) 183 Cal.App.4th 1405, 1414; *In re Ana C.* (2012) 204 Cal.App.4th 1317, 1332. *Karen R.* explained that "a father who has committed two incidents of forcible incestuous rape of his minor daughter reasonably can be said to be so sexually aberrant that both male and female siblings of the victim are at substantial risk of sexual abuse within the meaning of section 300, subdivision (d), if left in the home." (*Karen R., supra,* 95 Cal.App.4th at pp. 90–91.)

Five cases have held that sexual abuse of a female child by itself is insufficient to put a male child at risk: *In re Rubisela E.* (2000) 85 Cal.App.4th 177, 199; *In re Maria R.* (2010) 185 Cal.App.4th 48, 68; *In re Jordan R.* (2012) 205 Cal.App.4th 111, 137-138; *In re Alexis S.* (2012) 205 Cal.App.4th 48, 54–55; *In re David R.* (2012) 212 Cal.App.4th

---

[3] Section 300, subdivision (d), states in relevant part that jurisdiction over a child arises when "[t]he child has been sexually abused, or there is a substantial risk that the child will be sexually abused . . . by his or her parent . . . or a member of his or her household, or the parent . . . has failed to adequately protect the child from sexual abuse when the parent . . . knew or reasonably should have known that the child was in danger of sexual abuse."

576.)  The issue is before our Supreme Court in *In re I.J.*, review granted Sept. 19, 2012, S204622.

*Maria R.* considered whether "a parent's sexual abuse of a daughter, either alone or in combination with a factor or factors that have no established correlation with sexual abuse, is sufficient to establish that the parent's son is at risk of sexual abuse by that parent within the meaning of subdivision (d)." (*In re Maria R.*, *supra*, 185 Cal.App.4th at p. 63.)  The evidence showed that over a period of more than 20 years father sexually abused his four daughters.  On numerous occasions he would rub his penis against them, fondle their breasts, and touch their vaginal areas with his hand under their clothing.  (*Id.* at pp. 54-56.)  DCFS sought jurisdiction over the father's eight-year-old son under section 300, subdivision (j), which applies where a child's sibling has been sexually abused and there is a "substantial risk" that the child will also be abused.  DCFS argued that "a court may conclude, in the absence of any supporting evidence, that a male child is at substantial risk of being sexually abused by a parent who has sexually abused that child's sisters." (*Id.* at p. 62.)

The appellate court disagreed.  It observed that none of the courts that had concluded that a child whose sibling was sexually abused may be found to be at risk of sexual abuse regardless of gender had cited any evidence or scientific authority to support the proposition "that a person who sexually abuses a female child is likely to sexually abuse a male child." (*In re Maria R.*, *supra*, 185 Cal.App.4th at p. 68.)  "In the absence of evidence demonstrating that a perpetrator of sexual abuse of a female child is in fact likely to sexually abuse a male child," the court was "not persuaded that the rule of general applicability enunciated in *P.A.*, and repeated by the *Andy G.* court, is grounded in fact." (*Ibid.*)  It therefore declined to follow *P.A.* or *Andy G.* (*Ibid.*)

Two months ago a panel of this court again considered whether a parent's sexual abuse of a daughter alone suffices to establish that the parent's son is at risk of sexual abuse within the meaning of section 300. (*In re David R.*, *supra*, 212 Cal.App.4th 576.)  There, the father had fondled his daughter's breasts and forced her to masturbate him to ejaculation.  A majority of the panel concluded that although the father's behavior was

4

abhorrent, his abuse of his daughter did not itself constitute sufficient evidence to conclude his son was also at substantial risk of being sexually abused. (*Id*. at p. 580.) On the contrary, several studies on siblings' risk of sexual abuse by their fathers concluded that "in cases of a father's incest with a daughter, in the absence of other indicators of risk, 'the male child is not likely to be victimized.' (Wilson, *The Cradle of Abuse: Evaluating The Danger Posed By A Sexually Predatory Parent To The Victim's Siblings* (2002) 51 Emory L.J. 241, 263–264.)" (*Ibid*.) Surveying the studies, the majority observed that "where a female child is the initial victim of abuse, 'the abuser likely will prey upon other female children in the household, while leaving the male children alone.' [Citation.] A study published in the Journal of Child Sexual Abuse found that in 157 cases of sexual abuse within a family, 135 of the male perpetrators abused only female children (86%), 13 abused only male children (8.3%) and nine victimized both male and female victims (5.7%). (Proeve, *A Preliminary Examination of Specific Risk Assessment for Sexual Offenders Against Children* (2009) vol. 18, issue 6, Journal of Child Sexual Abuse 583, 585 . . . . )" (*Ibid*.)

"'Other indicators of risk' may include the sexual proclivity of the molester. Is he an indiscriminately promiscuous adult; a pedophile; a pure incest offender? (Cavallin, *Incestuous Fathers: A Clinical Report* (1966) vol. 122, No. 10, American Journal of Psychiatry 122, 1132–1138.) Has he molested unrelated boys? (Wilson, *Recognizing The Threat Posed by an Incestuous Parent to the Victim's Siblings: Part I: Appraising the Risk* (June 2004) vol. 13, No. 2, Journal of Child and Family Studies 143, 153.) One study found that the father's age when he abuses the minor female and his own sexual abuse as a minor affected the probability that the father would cross the gender boundary. (Proeve, *supra*, at p. 586.) Finally, the comparative sexual development of the molested female and a male sibling may be a factor affecting the male's risk of molestation. (See § 300, subd. (j) . . . .)" (*In re David R*., *supra*, 212 Cal.App.4th at pp. 580-581.) The majority observed that no evidence of these risk factors had been introduced in the case before it.

The issue is currently before the California Supreme Court, which on September 19, 2012 granted review of *In re I.J.*, S204622.

The facts here are materially indistinguishable from those of *David R*.  Here, substantial evidence showed only that father sexually abused an unrelated young girl over whom he sometimes exercised custodial duties.  Abhorrent as his conduct was, we continue to agree with *Maria R*. that sexual abuse of a female relative (in this case not even a relative) does not constitute sufficient evidence to conclude that male children are also at risk of sexual abuse.

DCFS argues that section 355.1, subdivision (d) constitutes a legislative determination that sexual abuse of a female child puts male children at risk of abuse.  That section provides in pertinent part that:  "'(d) Where the court finds that either a parent, a guardian, or any other person who resides with . . . a minor who is currently the subject of the petition filed under Section 300 . . . (3) has been found in a prior dependency hearing . . . to have committed an act of sexual abuse, . . . that finding shall be prima facie evidence in any proceeding that the subject minor is a person described by subdivision (a), (b), (c), or (d) of Section 300 and is at substantial risk of abuse or neglect.  The prima facie evidence constitutes a presumption affecting the burden of producing evidence.'"  (*In re P.A.*, *supra*, 144 Cal.App.4th at p. 1347.)

Even if the Legislature intended in section 355.1 to disregard any distinction by gender between the child victim and child subject to the current proceedings, the section would not apply here because no court found in any "prior dependency hearing" that father committed an act of sexual abuse.

Because the trial court incorrectly concluded that father's sexual abuse of An. R. constituted substantial evidence that Alexis and Jason were also at risk of being sexually abused, and based its jurisdictional and dispositional orders on only this evidence, the orders are vacated and the matter is remanded for further proceedings consistent with this opinion.  (*In re Maria R*., *supra*, 185 Cal.App.4th at p. 71.)

6

**DISPOSITION**

The jurisdictional and dispositional orders with respect to Alexis and Jason are reversed and the matter is remanded for the court to try the matter applying the correct standard.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, Acting P.J.

JOHNSON, J.